**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERURBAN GAS CORPORATION et al., Respondents.**

No. 14961.

United States Court of Appeals
Sixth Circuit.

June 21, 1968.

See also 6 Cir., 401 F.2d 745.

Robert Hemphill pro se.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

## ORDER OF ADJUDICATION IN CIVIL CONTEMPT

Pursuant to its opinion published in 317 F.2d 724, this Court enforced the order of the National Labor Relations Board directing the reinstatement of Donald Gillingham with back pay. Under date of May 3, 1968, this Court granted enforcement of the second supplemental backpay award.

On February 14, 1968, this Court entered an order directing that respondents Interurban Gas Corporation, Interurban Industries, Inc. and Robert M. Hemphill file sworn answers to the supplemental petition for adjudication in

civil contempt filed by the Board, and show cause, if any there be, why they and each of them should not be adjudged in civil contempt of this Court. Said respondents have filed no answer or other pleading in compliance with the order of this Court. At a hearing on April 18, 1968, Robert M. Hemphill, president of Interurban Gas Corporation and Interurban Industries, Inc. appeared in person and without attorney and made an oral argument on behalf of himself and said corporate respondents. An order was entered on May 3, 1968, deferring for a period of thirty days a decision as to whether said three respondents be adjudged in civil contempt, in order that respondents might have an additional opportunity to comply with the decrees of this Court.

Under date of May 17, 1968, the Board filed a report to the Court and a request for writs of body attachment. The Board reported that immediately after the hearing on April 18, 1968, respondent Hemphill tendered to the attorney for the Board a check for $11,322.97 as an offer to the Board in full settlement of the total outstanding backpay obligation herein, and that said check was returned by the drawee bank marked "not sufficient funds."

It is ordered and adjudged that Interurban Gas Corporation, Interurban Industries, Inc. and Robert M. Hemphill and each of them are in civil contempt of this Court.

It is further ordered that said three respondents purge themselves of said contempt on or before ten days from the entry of this order by paying to the National Labor Relations Board the total amount now due on said backpay award or such part thereof as the Board may accept in full or partial satisfaction thereof.

In event of failure of respondents to purge themselves of contempt within ten days of the entry of this order, it is ordered that a writ of body attachment against respondent Robert H. Hemphill issue forthwith.